In re NERI BROS. CONSTRUCTION CORP., Debtor.

John J. O'Neil, Jr. as Chapter 7 Trustee, Trustee–Appellant,

v.

Dominic Caciopoli, Creditor–Appellee.

No. 00–5035.

United States Court of Appeals, Second Circuit.

Feb. 22, 2001.

John J. O'Neil, Jr., Francis, O'Neil & Del Piano, Hartford, CT, for appellant.

David S. Doyle, The Marcus Law Firm, New Haven, CT, for appellee.

Present KEARSE, LEVAL, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States Bankruptcy Appellate Panel for the Second Circuit and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said Bankruptcy Appellate Panel be and it hereby is affirmed substantially for the reasons stated in that Panel's Opinion dated April 6, 2000. Although appellant argues that the panel improperly applied a *de novo* stan-

108

dard of review to the bankruptcy court's factual determinations, he points to no findings of historical fact that were overturned. The Bankruptcy Code provides that a bankruptcy trustee, with court approval, may appoint special counsel to represent the debtor "if," *inter alia,* "such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e); *see, e.g., Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 623 (2d Cir.1999) (holding an interest adverse to the estate includes "possess[ing] or assert[ing] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant" (internal quotation marks omitted)). The question whether the historical facts give the attorney an interest that is, or is potentially, adverse to the interests of the debtor or the estate within the meaning of § 327(e) is a question of law. Such questions are properly reviewed *de novo. See, e.g., Official Committee of Unsecured Creditors v. Manufacturers & Traders Trust Co. (In re Bennett Funding Group, Inc.),* 146 F.3d 136, 138 (2d Cir.1998).

We have considered all of appellant's contentions on this appeal and have found them to be without merit. The judgment of the Bankruptcy Appellate Panel is affirmed.